1  Kent Khtikian, Esq. (#99843)
   Kimberly A. Hancock, Esq. (#205567)
2  Katzenbach and Khtikian
   1714 Stockton Street, Suite 300
3  San Francisco, California  94133-2930
   (415) 834-1778
4
   Attorney for Plaintiffs
5

6

7

8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10

11

12  BRICKLAYERS AND ALLIED CRAFTWORKERS   ) COMPLAINT FOR BREACH
    LOCAL UNION NO. 3, AFL-CIO;           ) OF COLLECTIVE
13  TRUSTEES OF THE NORTHERN CALIFORNIA   ) BARGAINING AGREEMENT
    TILE INDUSTRY PENSION TRUST; TRUSTEES )
14  OF THE NORTHERN CALIFORNIA TILE       )
    INDUSTRY HEALTH AND WELFARE TRUST FUND;) Case No.:
15  TRUSTEES OF THE NORTHERN CALIFORNIA   )
    TILE INDUSTRY APPRENTICESHIP AND      )
16  TRAINING TRUST FUND;  TILE INDUSTRY   )
    PROMOTION FUND OF NORTHERN CALIFORNIA, )
17  INC., a not-for-profit California     )
    corporation; TILE EMPLOYERS CONTRACT  )
18  ADMINISTRATION FUND; TRUSTEES OF THE  )
    INTERNATIONAL UNION OF BRICKLAYERS AND )
19  ALLIED CRAFTWORKERS PENSION FUND,     )
                                          )
20       Plaintiffs,                      )
                                          )
21  vs.                                   )
                                          )
22  UWA TILE CORPORATION, a               )
    California corporation.               )
23                                        )
         Defendant.                       )
24  _____)

25       Plaintiffs, and each of them, complain against the above-

26  named defendant and allege as follows:

27       1.  This is an action to compel compliance with the audit

28  requirements set forth in a collective bargaining agreement and

1 in related trust agreements pursuant to 29 U.S.C. Section 185.

2 Jurisdiction of this action is conferred on this Court by the

3 provisions of 28 U.S.C. Section 1331(a).

4    2.  This District is the appropriate venue for this action,

5 pursuant to 29 U.S.C. Section 1132(e)(2), as all of the plans are

6 administered in this District and the breach took place in this

7 District.

8    3.  Plaintiff, BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL

9 UNION NO. 3, AFL-CIO, an affiliate of the International Union Of

10 Bricklayers And Allied Craftworkers, hereinafter the "Union", is

11 and at all times material herein was a labor organization and the

12 collective bargaining representative for persons who are engaged,

13 by Defendant as tilelayers and tile finishers in the construction

14 industry in 46 counties in northern California.  As such the

15 Union is a employee organization representing employees in an

16 industry affecting commerce, within the meaning of Section 301 of

17 the LMRA, the definitions contained in Sections 2(5), and 501(1)

18 and (3) of the LMRA (29 U.S.C. Sections 152(5), 142(1) & (3)) and

19 29 U.S.C. Sections 1002(4) and 1003.  The Union maintains its

20 principal office for such purpose in Oakland, California.

21    4.  Plaintiffs, TRUSTEES OF THE NORTHERN CALIFORNIA TILE

22 INDUSTRY PENSION TRUST (hereinafter the "Pension Trust"),

23 TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY HEALTH AND

24 WELFARE TRUST FUND (hereinafter the "Welfare Trust") , TRUSTEES

25 OF THE NORTHERN CALIFORNIA TILE INDUSTRY APPRENTICESHIP AND

26 TRAINING TRUST FUND (hereinafter the "Apprentice Trust"), and

27 TRUSTEES OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED

28 CRAFTWORKERS PENSION FUND (hereinafter the "International Pension

1  Trust") are trustees and fiduciaries of multiemployer employee
2  benefit plans pursuant to ERISA, 29 U.S.C. Sections 1002(3) and
3  (37) and 1132(d)(1).  The Welfare Trust, the Pension Trust, and
4  Apprentice Trust each has its office in San Francisco,
5  California.  Plaintiffs, TILE INDUSTRY PROMOTION FUND OF NORTHERN
6  CALIFORNIA, INC., a not-for-profit California corporation, and
7  TILE EMPLOYERS CONTRACT ADMINISTRATION FUND is each an express
8  trust fund pursuant to California Civil Code Section 3111
9  established pursuant to collective bargaining agreements, with
10 their office in San Francisco, California.  The plaintiffs
11 identified in this paragraph is hereinafter referred to,
12 individually and collectively, as the "Trusts".

13      5.  Defendant UWA TILE CORPORATION, (hereinafter "UWA Tile")
14 is a corporation, incorporated in the State of California, with
15 its principal place of business located in Alameda County,
16 California.  At all times material herein, UWA Tile has engaged
17 in the construction industry in California and as such has been
18 an employer engaged in an industry or activity affecting commerce
19 within the meaning of 29 U.S.C. Sections 1002(5) and 1003,
20 Section 301 of the LMRA, and of the definitions contained in
21 Sections 2(2), and 501(1) and (3) of the LMRA (29 USC Sections
22 152(2), 142(1) & (3)). UWA Tile is a licensed tile contractor.

23      6.  At all times material herein, the Union has been party
24 to a written collective bargaining agreement with UWA Tile which
25 agreement requires that UWA Tile pay various wages and fringe
26 benefits to its employees.

27      7.  Pursuant to the terms of the collective bargaining
28 agreement, UWA Tile agreed to be bound by the terms and

1  conditions of each of the trust agreements under and in

2  accordance with which each of the Funds was established and is

3  maintained.  Section 85 of the collective bargaining agreement

4  states in relevant part:

5      "Each individual Employers signatory or bound to this
       Agreement agrees to comply with and be bound by the various
6      Trust Agreements creating the following trust funds and
       plans: Northern California Tile Industry Health and Welfare
7      Fund, Northern California Tile Industry Pension Trust Fund,
       ... Northern California Tile Industry Apprenticeship and
8      Training Trust Fund...."

9      8.  The collective bargaining agreement and the trust

10 agreements all require UWA Tile to report in writing each month

11 to the administrator of the Trusts the total number of hours

12 worked by any person employed by UWA Tile to perform work within

13 the jurisdiction of the collective bargaining agreement and to

14 pay the amount required by the collective bargaining agreement

15 for each hour worked in the report period.

16     9.  The collective bargaining agreement and the trust

17 agreements all require UWA Tile to allow the Plaintiffs to review

18 and audit UWA Tile's payroll and other relevant records for the

19 purpose of ascertaining whether fringe benefits have all been

20 paid as required by the collective bargaining agreement.  Section

21 89 of the collective bargaining agreement states in relevant

22 part:

23     "The Trustees of any Trust Fund under this Agreement,
       by a duly appointed CPA of the Trustees, may inspect or
24     audit the payroll and other relevant records of any Employer
       at any reasonable time for the purpose of ascertaining
25     whether contributions to the Trust Funds have been made as
       required by this Agreement...."
26
27     10.  Each of the trust agreements described in the

28 collective bargaining agreement provide that if an employer who

   is signatory to the collective bargaining agreement fails to

allow a payroll audit the employer shall become liable for all costs incurred by the Trust in securing the audit including "attorneys' fees and costs ... and any other costs or expenses incurred by the Trust Funds in connection with such suit, claim or demand".

11.  Plaintiffs attempted to conduct an audit of UWA Tile's records for the period from January 1, 2005 through the date of the audit.  UWA Tile refused to provide Plaintiffs with any records for the entire audit period.

12.  The audit is necessary to determine the exact number of hours worked under the collective bargaining agreement and the exact amount of the fringe benefits, liquidated damages and interest for the period for which UWA Tile refused to provide any documents (i.e. January 1, 2005 through the present).  The production of all payroll records, reports of payroll to federal and state agencies, copies of employees W-2 forms, 1099 forms sent to third parties, the production of disbursement records, checking account registers, related bank account statements and other documents for the period from January 1, 2005 through the date of the audit is necessary.

13.  There is no adequate remedy at law for this breach. Plaintiffs are entitled to prejudgment injunctive relief ordering an audit to be paid by UWA Tile.

14.  UWA Tile breached the collective bargaining agreement by failing to permit the audit of its employment records for the period from January 1, 2005 through the date of the audit, all to the detriment and injury of Plaintiffs.

15.  For reason of Defendant's breach, Plaintiffs are

1  entitled to attorney's fees and costs pursuant to the collective

2  bargaining agreement and the trust agreements incorporated

3  therein to which Defendant has agreed to be bound.

4

5                          **PRAYER**

6      **WHEREFORE, Plaintiffs pray for judgment as follows:**

7  For Judgment against Defendant UWA Tile Corporation, as follows:

8          a.  for an injunction ordering UWA Tile Corporation, to

9      submit to an audit, for the period from January 1, 2005

10     through the date of the audit, as required by the terms of

11     the collective bargaining agreement and the Trust

12     Agreements.

13         b.  for attorney's fees and costs pursuant to the

14     collective bargaining agreement and Trust Agreements

15     incorporated therein in an amount according to proof.

16         c.  for such other damages, equitable and other relief

17     as the court deems proper.

18

19  Dated: January 23, 2008          KATZENBACH AND KHTIKIAN

20

21

22

23                          KIMBERLY A. HANCOCK
                            Attorney for Plaintiffs

24

25

26

27

28