```
Kent Khtikian, Esq. (#99843)
Kimberly A. Hancock, Esq. (#205567)
Katzenbach and Khtikian
1714 Stockton Street, Suite 300
San Francisco, California  94133-2930
(415) 834-1778

Attorney for Plaintiffs
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL UNION NO. 3, AFL-CIO; TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY PENSION TRUST; TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY HEALTH AND WELFARE TRUST FUND; TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY APPRENTICESHIP AND TRAINING TRUST FUND; TILE INDUSTRY PROMOTION FUND OF NORTHERN CALIFORNIA, INC., a not-for-profit California corporation; TILE EMPLOYERS CONTRACT ADMINISTRATION FUND; TRUSTEES OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS PENSION FUND, <br><br> Plaintiffs, <br><br> vs. <br><br> UWA TILE CORPORATION, a California corporation. <br><br> Defendant. | CASE NO.: 08-0622 JL <br><br> PLAINTIFFS' SEPARATE CASE MANAGEMENT STATEMENT <br><br> Date: April 30, 2008 <br> Time: 10:30 a.m. <br> Dept.: Courtroom F <br>     15th Floor <br>     US District Court <br>     450 Golden Gate Ave. <br>     San Francisco <br> Judge: The Honorable James Larson |

Pursuant to this Court's Civil Local Rules 16-2 and 16-9, Plaintiffs submit this separate Case Management Statement And Proposed Order.

For the reasons set forth below in Section C of this

Statement, in order to allow time to settle this matter, Plaintiffs request the Court to set a second case management conference in a period of approximately ninety (90) days and to refrain at this time from setting any dates with respect to discovery, dispositive motions, pre-trial and trial dates.

**A.    JURISDICTION AND SERVICE.**

This is an action to compel compliance with the audit requirements set forth in a collective bargaining agreement and in related trust agreements pursuant to 29 U.S.C. Section 185. Jurisdiction of this action is conferred on this Court by the provisions of 28 U.S.C. Section 1331(a).

Defendant UWA TILE CORPORATION has been served.

**B.    STATEMENT OF FACTS AND EVENTS UNDERLYING THE ACTION**

Defendant UWA TILE CORPORATION (hereinafter, "UWA Tile") executed a signature page for independent tile contractors on pursuant to which UWA Tile agreed to abide by and to be bound by the collective bargaining agreement by and between the Tile Contractors Association of Northern California, Inc. and Plaintiff BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL UNION NO. 3, AFL-CIO (hereinafter "Bricklayers Local Union No. 3").

Pursuant to the terms of the Agreement, UWA Tile agreed to pay certain wages and fringe benefits for all hours worked in the 46 Northern California Counties within the Union's geographic jurisdiction by persons employed by UWA Tile as tile setters and tile layers.  UWA Tile further agreed to allow Plaintiffs to review and audit UWA Tile's payroll and other relevant records for the purposes of ascertaining whether certain wages and fringe benefits have all been paid as required by the collective

bargaining agreement. The collective bargaining agreement further provides that if a signatory employer fails to allow a payroll audit, the employer shall become liable for all costs incurred by the Trusts in securing the audit, including attorneys' fees.

UWA Tile failed to submit an audit requested by Plaintiffs for the period from January 1, 2005 through the date of the audit.

**C. PROCEDURAL HISTORY**

On January 25, 2008, Plaintiffs filed the Complaint.

On February 9, 2008, the Complaint was served on defendant UWA Tile.

UWA Tile has not filed an answer or otherwise appeared in this matter.

Since the filing and service of the Complaint, UWA Tile has provided records sufficient for a partial audit for the time period from January 1, 2006 through January 31, 2008. UWA Tile has failed to provide records to complete the audit for the period from January 1, 2005 through December 31, 2005.

The partial audit shows a principal liability to the Trusts for unpaid wages and fringe benefits in the amount of $3,943.54, liquidated damages in the amount of $788.71 (calculated at 20% of principal due), and $687.00 in auditor's fees.

Plaintiffs are seeking to obtain the additional documents for the period from January 1, 2005 through December 31, 2005 in order to complete the audit.

Plaintiffs expect to settle this matter within thirty (30) days from the date of the Case Management Conference (by May 30, 2008) and to file a dismissal with forty-five (45) days (by May

13, 2008). If the parties are unable to settle this matter within that time period, Plaintiffs shall file an amended complaint seeking an injunction for defendant to produce the remaining documents required to complete the audit, and statutory and breach of contract claims for the unpaid wages and fringe benefits revealed by the partial audit.

In order to allow time to settle this matter, Plaintiffs request the Court to set a second case management conference in a period of approximately ninety (90) days and to refrain at this time from setting any dates with respect to discovery, dispositive motions, pre-trial and trial dates.

**1. The principal factual issues that the parties dispute are:**

    a. What is the total number of hours which UWA Tile employed persons, who performed work covered under the collective bargaining agreement with the Union, from approximately December 1, 2005 through the present?

    b. What is the total number of hours worked by the persons described in subparagraph 1(a) and the total amount owed to plaintiff trust funds for hours worked in the jurisdiction of the collective bargaining agreement from approximately December 1, 2005 through the present?

This is intended by the parties to provide only a summary of the principal contested factual issues. Additional contested factual issues may exist and such issues are not waived by plaintiffs.

**2. The principal legal issues that the parties dispute are:**
None.

**D. ALTERNATIVE DISPUTE RESOLUTION**

Plaintiff is agreeable to mediation.

**The parties make the following additional suggestions concerning settlement:**

None.

**The Court hereby orders:**

**E. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

Plaintiffs consent to trial presided by a Magistrate Judge.

**The Court hereby refers this case for the following purposes to a magistrate judge:**

**F. DISCLOSURES**

**The parties certify that they have made the following disclosures:**

**1. Persons disclosed pursuant to FRCivP Rule 26(a)(1):**

    **a. Disclosed by Plaintiffs:**

    Mary Ann Montoya, Allied Administrators

    Polly Baney, Allied Administrators

    Gary Piefer, Bricklayers Local No. 3 Union

    Troy Garland, Bricklayers Local No. 3 Union

    Tom Spear, Brickalyers Local No. 3 Union

    Ron Smola, Auditor

    <u>UWA Tile Employees:</u>  Luis Ceja; Julio Gonzalez; Julius Uwaifo, Arif Pedzic, Larry Smith and Martin Samboni.

**2. Categories of documents disclosed under FRCivP Rule 26(a)(1) or produced through informal discovery:**

   **a. Categories of documents disclosed by Plaintiffs:**

   1. Collective Bargaining Agreements;

   2. Plaintiffs' trust agreements;

   3. Signature Page of UWA Tile Corporation to the collective bargaining agreement;

   4. Plaintiffs' trust fund records of defendant's reports and payments to the plaintiffs' trust funds;

   5. The audit of UWA Tile Corporation for the period from January 1, 2006 through January 31, 2008;

  **3. Each party who claims an entitlement to damages or an offset sets forth the following preliminary computation of the damages or of the offset:**

   Plaintiffs are entitled to attorneys' fees and other costs of collection incurred in enforcing the audit in an amount according to proof.

  **4. All insurance policies as defined by FRCivP 26(a)(1)(D) have been disclosed as follows:**

   None disclosed.

  **5. The parties will disclose the following additional information by the date listed:**

   Not required at this time.

  **6. Disclosures as required by FRCivP 26(e) will be supplemented at the following intervals:**

   Every 30 days commencing July 1, 2008 if supplemental information is discovered.

**G. EARLY FILING OF MOTIONS**

**The following motions expected to have a significant effect either on the scope of discovery or other aspects of the litigation shall be heard by the date specified below:**

No date at this time.

**H. DISCOVERY**

**1. Parties have conducted or have underway the following discovery:**

Plaintiffs have provided defendants with a copy of the preliminary audit results. Neither party has yet propounded any formal discovery.

**2. Plaintiffs propose the following discovery plan**:

No dates at this time.

**3. Limitations on discovery tools in accordance with this Court's Supplemental Order to Order Setting Case Management Conference.**

    **a. depositions (excluding experts) by:**

        **plaintiffs:** no limit    **defendant:** no limit

    **b. interrogatories served by:**

        **plaintiffs:**  25 on each defendant

        **defendant:**  25 on each plaintiff

    **c. document production requests served by:**

        **plaintiffs:**  no limit    **defendant:** no limit

    **d. requests for admission served by:**

        **plaintiffs:**  no limit    **defendant:** no limit

**4. Plaintiffs propose the following limitations on the subject matter of discovery:**

All matters relevant to or calculated to lead to the discovery of evidence relevant to the issues raised by the complaint and defendants' answers to the complaint.

**5. Discovery from experts. Plaintiffs plan to offer expert testimony as to the following subject matters:**

None planned at this time.

**6. The Court orders the following additional limitations on the subject matter of discovery:**

**7. Deadlines for disclosure of witnesses and completion of discovery:**

No dates at this time.

## I. PRETRIAL AND TRIAL SCHEDULE

**1. Trial date:** No date at this time.

**2. Anticipated length of trial (number of days):** 1 to 2.

**3. Type of trial:** Court.

**4. Final pretrial conference date:**

**5. Date required for filing the joint pretrial conference statement and proposed pretrial order required by Civ.L.R. 16-10(b), complying with the provisions of Civ.L.R. 16-10(b)(6)-(10) and such other materials as may be required by the assigned judge:**

**6. Date for filing objections under Civ.L.R. 16-10(b)(11) (objections to exhibits or testimony):**

**7. Deadline to hear motions directed to the merits of all or part of the case:** No date at this time.

**I. Date of next case management conference:** July 30, 2008.

**J. OTHER MATTERS**

**K. IDENTIFICATION AND SIGNATURE OF LEAD TRIAL COUNSEL**

/S/Kimberly A. Hancock                    Date: April 24, 2008
Kimberly A. Hancock, Esq.
Katzenbach and Khtikian
1714 Stockton Street, Suite 300
San Francisco, California  94133-2930
(415) 834-1778; FAX (415) 834-1842

Attorneys for Plaintiffs

The Court finds that each party was represented by lead trial counsel responsible for trial of this matter and was given an opportunity to be heard as to all matters encompassed by this Case Management Statement and Proposed Order filed prior to the conference.  The Court adopts this statement as modified and enters it as the order of this court pursuant to Civ.L.R. 16-8(b).

IT IS SO ORDERED

The Case Management Conference has been continued to July 30, 2008 at 10:30 a.m.

Dated: April 29, 2008                    _/s/ James Larson_
                                          Hon. James Larson